O

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KNOLL, INC., a Delaware corporation,<br><br>                              Plaintiff,<br><br>          v.<br><br>MODWAY, INC., a New York<br>Corporation, LEXMOD, INC., a Florida<br>Corporation, AND MENACHEM T.<br>GREISMAN, an Individual,<br><br><br>                    Defendants. | Case No.  5:19-cv-2238-DDP (SPx)<br><br>**ORDER GRANTING IN PART<br>DEFENDANTS' MOTION TO<br>TRANSFER VENUE UNDER<br>28 U.S.C. § 1404(a), AND VACATING<br>AS MOOT DEFENDANTS' MOTION<br>TO DISMISS UNDER RULE 12(b)(6)**<br><br><br>[Dkts. 32, 34] |

Presently before the court are Defendants Modway, Inc., LexMod, Inc., and

Menachem T. Greisman's Motion to Transfer Venue under 28 U.S.C. § 1404(a),

LexMod/Greisman's Motion to Dismiss for Lack of Personal Jurisdiction, (Dkt. 32), and

Defendants' Motion to Dismiss under Rule 12(b)(6).  (Dkts. 32, 34.)  Having considered

the submissions of the parties and heard oral argument, the court grants Defendants'

Motion to Transfer in part, vacates as moot Defendants' Motion to Dismiss under Rule 12(b)(6), and adopts the following order.

## I. BACKGROUND

Plaintiff Knoll, Inc. ("Knoll" or "Plaintiff") is a Delaware corporation with its principal place of business in Pennsylvania.  (Dkt. 31, Second Amend. Compl. ("SAC") ¶ 4.)  Defendant Modway, Inc. ("Modway") is a New York corporation with its principal place of business in New Jersey.  (*Id.* ¶ 5.)  Defendant LexMod, Inc. ("LexMod") is a Florida corporation with its principal place of business in New Jersey.  (*Id.* ¶ 6.)  Defendant Menachem T. Greisman ("Greisman") is a resident and citizen of New York, and "is the President of LexMod and CEO of Modway, and is listed as each entity's principal executive on the Florida and New York Secretary of State websites, respectively." (*Id.*)

Plaintiff alleges that it is "a global leader in the design and manufacture of commercial and residential furniture, accessories, and coverings." (*Id.* ¶ 8.)  Plaintiff owns the rights, title, and interests to various furniture designs, including the "Pedestal Trade Dress," "Executive Chair Trade Dress," "Knoll Lounge Trade Dress," "Bertoia Trade Dress," and the "Cyclone Trade Dress."  (*Id.* ¶¶ 13, 25, 32, 40, 49.)  Plaintiff alleges that it has "extensively advertised products" with the above trade dresses, and as a result, "(a) the public has come to recognize and identify products bearing the [trade dresses] as emanating from Knoll, (b) the public recognizes that products bearing the [trade dresses] constitute high quality products that conform to the specifications created by Knoll, and (c) the [trade dresses] ha[ve] established strong secondary meaning and extensive goodwill."  (*Id.* ¶¶ 21, 26, 33, 41, 50.)

Plaintiff brings this action against Modway, LexMod, and Greisman (collectively, "Defendants") claiming (1) trade dress and trademark infringement under 15 U.S.C. § 1125(a), (2) false designation of origin and federal unfair competition under 15 U.S.C. § 1125(a), and (3) unfair competition under California Business & Professions Code §

17200, *et seq.* (*Id.* ¶ 1.) Plaintiff alleges that "Defendants have developed, manufactured, imported, advertised, and/or sold products . . . that use trade dress that is not only confusingly similar to [its trade dresses], but [are] a slavish copy of Knoll's proprietary design." (*Id.* ¶¶ 58, 67, 76, 85, 94.)

Plaintiff asserts that the court has personal jurisdiction over Defendants because Defendants operate "a west coast office and warehouse in Fontana, California," "have been selling and offering for sale infringing products in this judicial district, including but not limited to selling infringing products directly to consumers and/or retailers in this district and placing infringing products directly into the stream of commerce from Defendants' distribution warehouse in Fontana, California . . . ." (*Id.* ¶ 2.) Plaintiff alleges on information and belief that "LexMod sells infringing products through its website www.lexmod.com ('LexMod Website')," "that LexMod sells products into California and to California residents through the LexMod Website and that LexMod fulfills at least some of the orders . . . through Modway's distribution warehouse in Fontana . . . ." (*Id.*) Plaintiff also alleges on information and belief that "Greisman is the driving force and guiding spirit behind Modway's and LexMod's sale of infringing products into California," and that "Greisman has and continues to routinely travel to California, including to oversee the development and operation of Defendants' warehouse in Fontana, California." (*Id.*)

Plaintiff asserts that venue is proper in the Central District of California because "Modway has an established place of business within this judicial district and each of the Defendants has committed acts of infringement in this judicial district by selling and/or offering to sell infringing products in this judicial district, and distributing infringing products directly from Defendants' distribution warehouse in Fontana, California." (*Id.* ¶ 2.)

Defendants presently move for transfer of venue under 28 U.S.C. § 1404(a) to the Southern District of New York or the District of New Jersey, and alternatively, if the

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

action remains in this district, for dismissal of Defendants LexMod and Greisman for lack of personal jurisdiction.  (*See* Dkt. 32, ("Transfer Mot."), at 1.)  Defendants also move for dismissal under Rule 12(b)(6).  (Dkt. 34, ("MTD").)  For the reasons discussed below, the court grants Defendants' Motion to Transfer in part and does not reach the personal jurisdiction issue or Defendants' motion to dismiss under Rule 12(b)(6).

**II. LEGAL STANDARD**

"[D]istrict courts may hear motions on the issue of venue prior to issues of jurisdiction and/or motions to dismiss."  *Cohen v. Versatile Studios, Inc.*, No. CV134121GAFMANX, 2013 WL 12130019, at *3 (C.D. Cal. Nov. 15, 2013) (citing *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 435-36 (2007)).  "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).

As a threshold matter, a court determines first if venue in the requested district would have been proper.  *See Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1155 (S.D. Cal. 2005).  If so, the court must then balance the convenience of the parties, the convenience of the witnesses, and the interests of justice.  *E. & J. Gallo Winery v. F. & P. S.p.A.*, 899 F. Supp. 465, 466 (E.D. Cal. 1994).  In the Ninth Circuit, relevant factors in assessing the interests of justice include, but are not limited to: (1) the plaintiff's choice of forum, (2) the respective parties' contacts with the forum, (3) the contacts relating to the plaintiff's cause of action in the chosen forum, (4) the differences in the costs of litigation in the two forums, (5) the availability of compulsory process to compel attendance of unwilling non-party witnesses, (6) the ease of access to sources of proof, and (7) the state that is most familiar with the governing law.  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).

"A district court has discretion to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness."  *Id.* at 498

4

(internal citations and quotations omitted).  "The purpose of § 1404(a) is to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense."  *Metz v. U.S. Life Ins. Co. in City of New York*, 674 F. Supp. 2d 1141, 1145 (C.D. Cal. 2009) (internal quotations and citations omitted).  The moving party bears the burden of showing the balance of inconveniences to it.  *E. & J. Gallo Winery*, 899 F. Supp. at 466.

## III. DISCUSSION

1. *Whether this Action might have been brought in the Southern District of New York or the District of New Jersey*

The parties dispute whether this action could have been brought in New York or New Jersey.  Defendants contend that the first prong under the Section 1404(a) analysis is satisfied because Defendant LexMod would consent to jurisdiction in New York and alternatively, Defendant Greisman would consent to jurisdiction in New Jersey. (Transfer Mot. at 7:20-21 (citing *Creative Compounds, LLC v. S.A.N. Nutrition Corp.*, 2012 WL 13012706, *2 (C.D. Cal. Mar. 30, 2012); Dkt. 45, Reply at 2, n.1.)

Defendants' consent to personal jurisdiction is insufficient to satisfy the first prong of the Section 1404(a) analysis.  "The phrase 'where it might have been brought' refers solely to districts where [plaintiff] could have originally filed suit."  *In re Bozic*, 888 F.3d 1048, 1053 (9th Cir. 2018) (citing *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960)).  "[T]he power of a District Court under § 1404(a) to transfer an action to another district is made to depend not upon the wish or waiver of the defendant but, rather, upon whether the transferee district was one in which the action 'might have been brought' by the plaintiff."  *Hoffman*, 363 U.S. at 343-44.  The proper inquiry, therefore, is whether the Southern District of New York or the District of New Jersey have personal jurisdiction over the defendants, subject matter jurisdiction over the claims, and whether venue would be proper.  *See Cohen v. Versatile Studios, Inc.*, No. CV134121GAFMANX, 2013 WL 12130019, at *2 (C.D. Cal. Nov. 15, 2013) ("An action 'might have been brought' in a

jurisdiction that has personal jurisdiction over the defendants and subject matter jurisdiction over the claims and where venue is proper.").

There appears to be no dispute that both, the Southern District Court of New York and the District Court of New Jersey, have subject matter jurisdiction and that venue would be proper.  The court is unable to determine whether the Southern District of New York would have personal jurisdiction over LexMod.  LexMod is a Florida corporation with its principal place of business in New Jersey.  (SAC ¶ 6.)  LexMod is an "on-line furniture retailer [who] sells furniture nationwide through its own website as well as on on-line marketplaces like Amazon and Google Shopping."  (Dkt. 32-4, Greisman Decl. ¶ 7.)  LexMod's "online platforms are accessible to customers everywhere . . . ."  (*Id.*)  However, the parties present insufficient evidence regarding LexMod's contacts in the Southern District of New York, and, as discussed above, LexMod's consent to personal jurisdiction is insufficient to satisfy the first prong of a Section 1404(a) analysis.  Defendants have not demonstrated that transfer to the Southern District of New York is proper.

The District Court of New Jersey has personal jurisdiction over every Defendant.  Modway and LexMod have their principal place of business in New Jersey.  Greisman is the Chief Executive Officer of Modway and the manager of LexMod.  (Greisman Decl. ¶¶ 2-3.)  Greisman has an office in New Jersey where he works for Modway and LexMod.  (*Id.* ¶ 9.)  Moreover, Plaintiff's claims against Greisman stem from Greisman's alleged role as the "driving force and guiding spirit behind Modway's and LexMod's sale of infringing products," (SAC ¶ 2) and "personally direct[ing] the infringing acts alleged herein, including by personally selecting which of Plaintiff's unique furniture designs to pirate and sell . . . ."  (*Id.*)  Plaintiff similarly argues in its submission that "the acts of the corporate defendants are imputed to Greisman" because, amongst other things, the "evidence suggests that Greisman is the alter ego of at least LexMod, if not Modway as well."  (Dkt. 37, Opp. at 19-21.)

6

The court concludes that the District of New Jersey has personal jurisdiction over every defendant.  Accordingly, this action could have been brought in the District of New Jersey.

> 2.  *Plaintiff's Choice of Forum*

Substantial weight is generally accorded to plaintiff's choice of forum, and a court should not order a transfer unless the "convenience" and "justice" factors weigh heavily in favor of venue elsewhere.  *Sec. Investor Prot. Corp. v. Vigman*, 764 F.2d 1309, 1317 (9th Cir. 1985); *see also Decker Coal*, 805 F.2d at 842 ("The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum").  However, "[t]he plaintiff's choice is given less weight where the plaintiff is a nonresident or the chosen forum lacks any significant contact with the activities giving rise to the litigation."  *Catch Curve, Inc. v. Venali, Inc.*, No. CV 05-04820 DDP AJWX, 2006 WL 4568799, at *2 (C.D. Cal. Feb. 27, 2006).

Plaintiff's choice of forum is entitled to minimal weight here.  Plaintiff and Defendants have some market presence in Los Angeles.  The parties have presented evidence of the respective parties' contacts and sales related to their businesses.  However, the court is unable to determine the significance of this evidence.  The parties appear to market, sell, and distribute their respective products nationwide and have not presented evidence of the Los Angeles market as compared to other forums, including New Jersey.  Nonetheless, the court gives some deference to Plaintiff's choice of forum because some of the conduct complained of—the sale of infringing products—occurred in this forum.  The court gives less than "substantial deference" to Plaintiff's choice of forum, however, because Plaintiff is pursuing this action outside of its home forum.  *See Monolithic Power Sys., Inc. v. Silergy Corp.*, No. CV138122MWFVBKX, 2014 WL 12586380, at *1 (C.D. Cal. Apr. 14, 2014) ("[A] plaintiff's choice to bring suit outside of its 'home forum' is entitled to reduced deference.").

///

7

### 3.   Convenience of the Parties

LexMod and Modway have their principal place of business in New Jersey and Greisman has an office in New Jersey where he conducts business for both entities.  (SAC ¶¶ 5, 6.)  Plaintiff does not appear to dispute that New Jersey would be a more convenient forum for all parties.  (*See* Opp. at 7-8.)  Instead, in opposition to this motion, Plaintiff argues that litigating in this forum would not be *more inconvenient* for Defendants than conducting business in this forum because Defendants have a warehouse in Fontana, California.  The argument is unpersuasive.  The proper inquiry in a Section 1404(a) analysis is the convenience of the parties to *litigate* the action—not whether the inconvenience to conduct business is equal to the inconvenience to litigate, as Plaintiff contends.  Moreover, the fact that Defendant Modway has a Fontana warehouse is not significant—there is no evidence that Modways' principals or any party witnesses are located at the Fontana warehouse.  The Fontana warehouse is also irrelevant to determine the convenience of LexMod and Greisman.

Plaintiff's principal place of business is also on the East Coast in Pennsylvania.  (*Id.* ¶ 4.)  Because Pennsylvania is closer to New Jersey than California, New Jersey is a more convenient forum for Plaintiff.  Because every party here is located on the East Coast, New Jersey is significantly more convenient than Los Angeles.

The court concludes that the convenience of the parties weighs heavily in favor of transfer.

### 4.   Convenience to the Witnesses

"Convenience of witnesses is often the most important factor in a § 1404(a) transfer motion."  *Costco Wholesale Corp. v. Liberty Mut. Ins. Co.*, 472 F. Supp. 2d 1183, 1193 (S.D. Cal. 2007).  "In establishing inconvenience to witnesses, the moving party must name the witnesses, state their location, and explain their testimony and its relevance."  *Id.* (citing *Carolina Cas. Co. v. Data Broad. Corp.*, 158 F. Supp. 2d 1044, 1049 (N.D. Cal. 2001); *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1108 (N.D. Cal. 2001)).  "The convenience

of non-party witnesses is of primary importance." *Metz v. U.S. Life Ins. Co. in City of N.Y.*, 674 F. Supp. 2d 1141, 1147 (C.D. Cal. 2009).  "[T]he court must consider not simply how many witnesses each side has and the location of each, but, rather, the court must consider the importance of the witnesses." *Saleh*, 361 F. Supp. 2d at 1161.

Defendants have identified potential third-party witnesses in or near New York. Specifically, Defendants contend that "Plaintiff has struggled to explain why its trade dresses are nonfunctional" and argues that "historical collections of documents from the deceased designers may contain critical evidence."  (Reply at 9:9-10.)  These collections and documents are located in museums and archives in New York City, Connecticut, Washington, D.C., and Michigan.  Plaintiff does not dispute that the museums and archives Defendants have identified may contain relevant evidence that goes to the issue of functionality.  Instead, Plaintiff argues that there are similar museums in the Central District that *display* the designs at issue.  Plaintiff fails to explain, however, the relevance of these displays as it pertains to the issue of functionality.

Defendants have also identified "New York-based third-parties like France & Son, Manhattan Home Design, and Aeon Furniture sell products with designs just like Knoll's," and argues that "these entities can provide evidence demonstrating a lack of secondary meaning and/or Knoll's failure to police its rights."  (Reply at 8:13-17; Transfer Mot. at 11-12.)  Plaintiff again does not dispute that these third parties may be relevant to the dispute.  Plaintiff instead argues that if Defendant is to be believed, that there are many third-party infringers throughout the country, then there are sure to be relevant witnesses in Los Angeles.  This bare statement is insufficient to demonstrate that the third-parties identified are unimportant or should otherwise be disregarded. Furthermore, Plaintiff has not identified *any* witnesses located in Los Angeles that would be relevant to any issue in this case.

Considering the third-party witnesses identified by Defendants and the relevance of those witnesses to this action, the court concludes that the convenience of witnesses weighs in favor of transfer.

5. *Parties' Contacts with the Forum, Contacts Relating to the Cause of Action in the Chosen Forum, & Local Interests in the Controversy*

Modway and LexMod conduct business in this forum. Modway imports about a third of its products through the Port of Long Beach. (Dkt. 32-3, Melamed Decl. ¶ 5.) Modway also leases a Fontana warehouse where it stores and distributes its products to the Western United States. (*Id.* ¶ 6.) Modway further markets its products to more than 100 retailers in California. (Stewart Decl. ¶ 2.) LexMod appears to not have any offices or employees in California. However, LexMod contracts with Modway to fulfill purchase orders LexMod receives online. (Greisman Decl. ¶ 8.) Greisman declares that he has only travelled to California two or three times, and only once to visit Modway's Fontana warehouse. In any event, it is clear that at a minimum, Modway, LexMod, and Plaintiff conduct significant sales in California. Therefore, the parties' contacts with the forum weigh against transfer.

The parties' contacts with this forum related to the cause of action are less apparent, however. This trade dress infringement action involves issues of design, knowledge, willfulness and intent. (*See* SAC.) Defendants' contacts with this forum related to these issues appear to be nonexistent. Modway's product development team, consisting of five to six individuals, are all based in New Jersey. (Dkt. 32-3, Melamed Decl. ¶ 3.) Modway asserts that its product designing is done exclusively in New Jersey. (*Id.*) "Other than warehousing logistics, the Modway employees in California perform no other function for the company." (*Id.* ¶¶ 6-7.) Significantly, Plaintiff alleges that "Greisman is the driving force and guiding spirit behind all decisions at both Modway and LexMod, including the decision to copy" the trade dresses at issue. (SAC ¶ 60.) Plaintiff does not appear to dispute that Greisman performs his work for LexMod and

10

Modway exclusively in New York and New Jersey.  As discussed above, New Jersey is the principal place of business for both corporate defendants.  Therefore, the parties' contacts in this forum related to the cause of action are nonexistent and are instead, primarily located in the District of New Jersey.

The parties' contacts related to the cause of action and the respective forums' interest in this action weigh in favor of transfer to the District of New Jersey.

6.   *Ease of Access of Proof, Costs of Litigation, Availability of Compulsory Process*

"Although developments in electronic conveyance have reduced the cost of document transfer somewhat, costs of litigation can still be substantially lessened if the venue is in the district in which most of the documentary evidence is stored."  *Park v. Dole Fresh Vegetables, Inc.*, 964 F. Supp. 2d 1088, 1095 (N.D. Cal. 2013).  Modway's and LexMod's electronic servers are located in New Jersey.  (Greisman Decl., ¶ 26; Melamed Decl., ¶ 14.)  Greisman's documents are located in New York where he resides and in his New Jersey office where he conducts work for Modway and LexMod.  Additionally, Defendants suggest that some of the archival documents may not exist in electronic format and are also located on the East Coast.  As discussed above, Plaintiff is located in Pennsylvania and has not disputed that its documentary evidence is also primarily on the East Coast in Pennsylvania.

The ease of access to proof and costs of litigation weigh in favor of transfer.

7.   *State Most Familiar with Governing Law*

The court agrees with the parties that this factor is neutral.

8.   *Court Congestion*

The parties have not presented sufficient information to assess the court congestion in the District Court of New Jersey, therefore, this factor is neutral.

After carefully weighing the convenience of the parties, witnesses, and the interests of justice factors, the court concludes that this action should be transferred to the District of New Jersey.

11

**IV. CONCLUSION**

Defendants' motion to transfer to the District Court of New Jersey is granted.  The court does not reach issue of personal jurisdiction in this forum or issues related to Defendants' motion to dismiss.

The court orders this action transferred to the District of New Jersey.  The court further vacates Defendants' Motion under Rule 12(b)(6), Dtk. 34.

**IT IS SO ORDERED.**

Dated: November 17, 2020

_____

DEAN D. PREGERSON

UNITED STATES DISTRICT JUDGE