John E. Flaherty
jflaherty@mccarter.com
Cynthia S. Betz
cbetz@mccarter.com
**McCarter & English, LLP**
Four Gateway Center, 100 Mulberry Street
Newark, NJ 07102
Tel: (973) 622-4444 Fax: (973) 624-7070

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KNOLL INC.,<br><br>Plaintiff,<br><br>               v.<br><br>MODWAY, INC., et al.,<br><br>Defendants. | Civil Action No.<br>3:20-cv-16576-FLW-DEA<br><br>**KNOLL, INC.'S ANSWER TO DEFENDANTS' COUNTERCLAIM** |

Plaintiff Knoll, Inc. ("Knoll") hereby responds to and answers the counterclaim (the "Counterclaim") of Defendants and Counterclaimants Modway, Inc. ("Modway"), LexMod, Inc. ("LexMod"), and Menachem T. Greisman (collectively, "Defendants") and states:

## PARTIES

1.    Knoll admits Modway is a New York corporation with its principal place of business in East Windsor, New Jersey. Knoll lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1

1

of the Counterclaim and on that basis denies them.

2.     Knoll admits LexMod is a Florida corporation with its principal place of business in East Windsor, New Jersey. Knoll admits LexMod purports to be an online furniture retailer. Knoll lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Counterclaim and on that basis denies them.

3.     Knoll lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Counterclaim, and on that basis denies them.

4.     Knoll admits the allegations in Paragraph 4 of the Counterclaim.

5.     Knoll admits the allegations in Paragraph 5 of the Counterclaim.

6.     Knoll admits that it is a global leader in the design and manufacture of commercial and residential furniture, accessories, and coverings. Knoll admits that in 2021, Herman Miller, Inc. completed its acquisition of Knoll and that Knoll is now a wholly-owned subsidiary of MillerKnoll Inc. Knoll denies the remaining allegations of Paragraph 6 of the Counterclaim.

## JURISDICTION AND VENUE

7.     Knoll admits that this Court has subject matter jurisdiction over the causes of action set forth in the Counterclaim. Knoll denies the remaining allegations in Paragraph 16 of the Counterclaim.

8.      Knoll admits Defendants' Counterclaim purport to assert claims under U.S. trademark law, including 15 U.S.C. § 1125 *et seq.* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2201.  The remainder of Paragraph 8 includes legal conclusions, which do not require a response.  To the extent a response is required, Knoll denies the remaining allegations in Paragraph 8 of the Counterclaim.

9.      For the purposes of this litigation only, Knoll admits this Court has personal jurisdiction over Knoll. Knoll denies the remaining allegations in Paragraph 9 of the Counterclaim.

10.      For the purposes of this litigation only, Knoll admits venue is proper in this Court for the causes of action purportedly set forth in the Counterclaim. Knoll denies the remaining allegations in Paragraph 10 of the Counterclaim.

## **GENERAL ALLEGATIONS**

11.      Knoll denies all the allegations in Paragraph 11 of the Counterclaim.

12.      Knoll admits it sought to register as trade dress the design of a pedestal for a table and that its application to the Trademark Office proceeded to publication in January 2019. Knoll denies the remaining allegations in Paragraph 12 of the Counterclaim.

13.      Knoll admits Modway challenged its attempts to secure Knoll's rights in a pedestal table design. Knoll denies the remaining allegations in Paragraph 13 of the Counterclaim.

14.     Knoll admits Modway filed an opposition to Knoll's application in the Trademark Office in February 2019. Knoll denies the remaining allegations in Paragraph 14 of the Counterclaim.

15.     Knoll admits it filed a lawsuit against Modway in November 2019 for trade dress infringement of Knoll's pedestal table trade dress rights. Knoll any the remaining allegations in Paragraph 15 of the Counterclaim.

16.     Knoll admits it filed a lawsuit against Modway in the Central District of California. Knoll admits that it is a Delaware corporation headquarted in Pennsylvania.  Knoll admits Modway is a New York corporation headquartered in New Jersey. Knoll denies the remaining allegations in Paragraph 16 of the Counterclaim.

17.     Knoll admits that the original complaint in Case No. 5:19-cv-2238 was not formally served on Modway.  Knoll denies the remaining allegations in Paragraph 17 of the Counterclaim.

18.     Knoll admits it amended its Complaint on January 24, 2020. Knoll admits it added four additional trade dress designs to its claim of trade dress infringement, and accused additional product designs sold by Modway of infringing Knoll's trade dress rights. Knoll denies any of the asserted trade dress designs are in the public domain. Knoll denies the remaining allegations in Paragraph 18 of the Counterclaim.

19.     Knoll admits it added a claim for common law trademark infringement with respect to its CYCLONE Mark. Knoll admits the CYCLONE Mark is not registered at the federal or state level.  Knoll admits that it has used the CYCLONE mark to identify the CYCLONE table since at least 1957. Knoll denies the remaining allegations in Paragraph 19 of the Counterclaim.

20.     Knoll admits it added LexMod and Modway's CEO Manachem Greisman as defendants to this action when it amended its Complaint in January 2020. Knoll admits LexMod is a Florida corporation. Knoll admits Mr. Greisman is a resident of New York. Knoll denies the remaining allegations in Paragraph 20 of the Counterclaim.

21.     Knoll denies the allegations in Paragraph 21 of the Counterclaim.

22.     Knoll denies the allegations in Paragraph 22 of the Counterclaim.

23.     Knoll denies the allegations in Paragraph 23 of the Counterclaim.

24.     Knoll denies the allegations in Paragraph 24 of the Counterclaim.

25.     Knoll admits that, in its First Amended Complaint, it alleged that Mr. Greisman "has and continues to routinely travel to California, including to oversee the development and operation of Defendants' warehouse in Fontana, California." Knoll denies this allegation is false. Knoll denies the remaining allegations in Paragraph 25 of the Counterclaim.

26.    Knoll admits that, in its First Amended Complaint, it alleged Mr. Greisman was "the driving force behind [the Defendants] establishing a warehouse in Fontana, California," and Defendants "using California as one of the hubs for Defendants' infringing activities." Knoll denies this was false. Knoll admits that, in its First Amended Complaint, Knoll alleged that Mr. Greisman was "the driving force and guiding spirit behind Modway's and LexMod's sale of infringing products into California." Knoll denies this was false. Knoll denies the remaining allegations in Paragraph 26 of the Counterclaim.

27.    Knoll admits the allegations set forth in Paragraph 27 of the Counterclaim.

28.    The first sentence of Paragraph 28 of the Counterclaim includes legal conclusions, which do not require a response. To the extent a response is required, Knoll denies these allegations. Knoll denies the remaining allegations in Paragraph 28 of the Counterclaim.

29.    Knoll admits that it originally filed this lawsuit in Los Angeles. Knoll denies any remainng allegations in Paragraph 29 of the Counterclaim.

30.    Knoll admits it added Mr. Greisman and LexMod as defendants to its lawsuit. Knoll denies the remaining allegations in Paragraph 30 of the Counterclaim.

31.    Knoll admits it filed a Response to Office Action on April 14, 2018. and therein stated "Applicant is unaware of any third-party tables that have the same

distinctive elements comprising its product design[.]"  Knoll denies the remaining allegations in Paragraph 31 of the Counterclaim.

32.    Knoll denies the allegations in Paragraph 32 of the Counterclaim.

33.    Knoll denies the allegations in Paragraph 33 of the Counterclaim.

34.    Knoll denies the allegations in Paragraph 34 of the Counterclaim.

## FIRST CLAIM FOR RELIEF
### (Declaration of Rights – Pedestal Design)

35.    Knoll realleges and incorporates by reference its responses to Paragraphs 1-34 of the Counterclaim as if fully set forth herein.

36.    Knoll admits Defendants purport seek a declaratory judgment under 15 U.S.C. § 1125, et seq. and 28 U.S.C. §§ 2201 and 2202. Knoll admits that an actual justiciable controversy exists as to the infringement and validity of Knoll's Pedestal Trade Dress.

37.    Knoll admits that, in its Complaint, it has accused Defendants of infringement of Knoll's Pedestal Trade Dress by development, manufacture, importation, advertising, and/or sale of products including the Lippa and Drive product lines. Knoll denies the remaining allegations in Paragraph 37 of the Counterclaim.

38.    Paragraph 38 of the Counterclaim sets forth a legal conclusion to which no response is required.  To the extent a response is required, Knoll denies the allegations in Paragraph 38 of the Counterclaim.

39.     Paragraph 39 of the Counterclaim sets forth a legal conclusion to which no response is required.   To the extent a response is required, Knoll denies the allegations in Paragraph 39 of the Counterclaim.

40.     Paragraph 40 of the Counterclaim sets forth a legal conclusion to which no response is required.   To the extent a response is required, Knoll denies all the allegations in Paragraph 40 of the Counterclaim.

41.     Knoll admits it has amended its pleadings four times. The remainder of Paragraph 41 of the Counterclaim sets forth a legal conclusion to which no response is required.   To the extent a response is required, Knoll denies the remaining allegations in Paragraph 41 of the Counterclaim.

42.     Paragraph 42 of the Counterclaim sets forth a legal conclusion to which no response is required.   To the extent a response is required, Knoll denies the allegations in Paragraph 42 of the Counterclaim.

43.     Paragraph 43 of the Counterclaim sets forth a legal conclusion to which no response is required.   To the extent a response is required, Knoll denies the allegations in Paragraph 43 of the Counterclaim.

44.     Paragraph 44 of the Counterclaim sets forth a legal conclusion to which no response is required.   To the extent a response is required, Knoll denies the allegations in Paragraph 44 of the Counterclaim.

45.     Knoll denies the allegations in Paragraph 45 of the Counterclaim.

46.    Paragraph 46 of the Counterclaim sets forth a legal conclusion to which no response is required.  To the extent a response is required, Knoll denies the allegations in Paragraph 46 of the Counterclaim.

47.    Paragraph 47 of the Counterclaim sets forth a legal conclusion to which no response is required.  To the extent a response is required, Knoll denies all the allegations in Paragraph 47 of the Counterclaim.

48.    Knoll admits Eero Saarinen designed the Pedestal Trade Dress. Knoll admits Saarinen described his intentions in designing his Tulip series, said "[t]he undercarriage of chairs and tables in a typical interior makes an ugly, confusing, unrestful world. I wanted to clear up the slum of legs. I wanted to make the chair all one thing again."[1] Knoll admits it owns U.S. Patent No. 2,981,578. Knoll admits U.S. Patent No. 2,981,578 has expired. Knoll denies the remaining allegations in Paragraph 48 of the Counterclaim.

49.    Paragraph 49 of the Counterclaim sets forth a legal conclusion to which no response is required.  To the extent a response is required, Knoll denies all the allegations in Paragraph 49 of the Counterclaim.

---

[1] The Museum of Modern Art, MoMA Highlights, New York: The Museum of Modern Art, revised 2004, originally published 1999, p. 200.

50.     Knoll lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Counterclaim, and on that basis denies them.

51.     Knoll denies that it in any way retaliated against Modway. Knoll lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 51 of the Counterclaim, and on that basis denies them.

52.     Paragraph 52 of the Counterclaim sets forth a legal conclusion to which no response is required.  To the extent a response is required, Knoll denies all the allegations in Paragraph 52 of the Counterclaim.

53.     Knoll denies the allegations in Paragraph 53 of the Counterclaim.

54.     Knoll admits it sued Mr. Greisman and Executive Chair, Inc., for trademark infringement in 2009. Knoll admits that, in its current Complaint, Knoll accuses Defendants Modway, LexMod, and Greisman of infringement of its Pedestal Trade Dress. Knoll denies the remaining allegations in Paragraph 54 of the Counterclaim.

55.     Defendants do not provide any time period for its allegation that Knoll has had annual sales exceeding one billion dollars and, on that basis, denies that allegation. Knoll denies the remaining allegations in Paragraph 55 of the Counterclaim.

56.     Paragraph 56 of the Counterclaim sets forth a legal conclusion to which no response is required.  To the extent a response is required, Knoll denies all the allegations in Paragraph 56 of the Counterclaim.

57.     Knoll admits that Eero Saarinen designed the Pedestal Trade Dress. Knoll admits that Eero Saarinen has passed away.  Knoll admits that it has stated in this action and the stayed opposition that it will produce relevant documents that are responsive to a valid document request, subject to its objections, to the extent such documents exist. Knoll denies the remaining allegations in Paragraph 57 of the Counterclaim.

58.     Knoll denies it has delayed or failed to act in bringing this lawsuit when it did. Knoll lacks knowledge or information sufficient to form a belief as to the truth to the remaining allegations contained in Paragraph 58 of the Counterclaim and on that basis denies them.

59.     Paragraph 59 of the Counterclaim sets forth a legal conclusion to which no response is required.  To the extent a response is required, Knoll denies the allegations in Paragraph 59 of the Counterclaim.

60.     Paragraph 60 of the Counterclaim sets forth a legal conclusion to which no response is required.  To the extent a response is required, Knoll denies the allegations in Paragraph 60 of the Counterclaim.

61.     Knoll admits Defendants seek, but Knoll denies Defendants are entitled to, a declaration that Defendants have not infringed Knoll's rights, passed off its goods, or otherwise violated any provision of the Lanham Act, New Jersey common law, or Sections 56:4-1 and 4-2 of the New Jersey Trademark and Unfair Practices Act. Knoll denies the remaining allegations in Paragraph 61 of the Counterclaim.

62.     Paragraph 62 of the Counterclaim sets forth a legal conclusion to which no response is required.  To the extent a response is required, Knoll denies all the allegations in Paragraph 62 of the Counterclaim.

## SECOND CLAIM FOR RELIEF
### (Declaration of Rights – Executive Design)

63.     Knoll realleges and incorporates by reference its responses to Paragraphs 1-62 of the Counterclaim as if fully set forth herein.

64.     Knoll admits Defendants purport seek a declaratory judgment under 15 U.S.C. § 1125, et seq. and 28 U.S.C. §§ 2201 and 2202. Knoll admits that an actual justiciable controversy exists as to the infringement and validity of Knoll's Executive Trade Dress.

65.     Knoll admits that, in its Complaint, Knoll accuses Defendants of infringing Knoll's rights in its Executive Trade Dress by developing, manufacturing, importing, advertising, and/or selling products including the Cordelia line of products.

12

66.     Paragraph 66 of the Counterclaim sets forth a legal conclusion to which no response is required.  To the extent a response is required, Knoll denies all the allegations in Paragraph 66 of the Counterclaim.

67.     Paragraph 67 of the Counterclaim sets forth a legal conclusion to which no response is required.  To the extent a response is required, Knoll denies all the allegations in Paragraph 67 of the Counterclaim.

68.     Paragraph 68 of the Counterclaim sets forth a legal conclusion to which no response is required.  To the extent a response is required, Knoll denies the allegations in Paragraph 68 of the Counterclaim.

69.     Knoll admits that it has amended its complaint in this action four times. The remainder of Paragraph 69 of the Counterclaim sets forth a legal conclusion to which no response is required.  To the extent a response is required, Knoll denies the allegations in Paragraph 69 of the Counterclaim.

70.     Paragraph 70 of the Counterclaim sets forth a legal conclusion to which no response is required.  To the extent a response is required, Knoll denies the allegations in Paragraph 70 of the Counterclaim.

71.     Paragraph 71 of the Counterclaim offsets forth a legal conclusion to which no response is required. To the extent a response is required, Knoll denies the allegations in Paragraph 71 of the Counterclaim.

72.     Paragraph 72 of the Counterclaim sets forth a legal conclusion to which no response is required. To the extent a response is required, Knoll denies the allegations in Paragraph 72 of the Counterclaim.

73.     Paragraph 73 of the Counterclaim sets forth a legal conclusion to which no response is required. To the extent a response is required, Knoll deies the allegations in Paragraph 73 of the Counterclaim.

74.     Paragraph 74 of the Counterclaim sets forth a legal conclusion to which no response is required. To the extent a response is required, Knoll denies the allegations in Paragraph 74 of the Counterclaim.

75.     Paragraph 75 of the Counterclaim sets forth a legal conclusion to which no response is required. To the extent a response is required, Knoll denies all the allegations in Paragraph 75 of the Counterclaim.

76.     Knoll admits the Third Amended Complaint ¶ 33 states "the Executive Trade Dress was created with the belief that a chair should be comfortable for its shell, rather than the depths of its cushioning." Knoll denies the remaining allegations in Paragraph 76 of the Counterclaim.

77.     Paragraph 77 of the Counterclaim sets forth a legal conclusion to which no response is required. To the extent a response is required, Knoll denies the allegations in Paragraph 77 of the Counterclaim.

78.    Knoll lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 of the Counterclaim and on that basis denies them.

79.    Knoll denies that it has in any way retaliated against Modway. Knoll lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 79 of the Counterclaim and on that basis denies them.

80.    Paragraph 80 of the Counterclaim sets forth a legal conclusion to which no response is required.  To the extent a response is required, Knoll denies the allegations in Paragraph 80 of the Counterclaim.

81.    Counterclaim Knoll denies the allegations in Paragraph 81 of the Counterclaim.

82.    Knoll admits it sued Mr. Greisman and Executive Chair, Inc., for trademark infringement in 2009. Knoll admits that, in its current Complaint, Knoll accuses Modway, LexMod, and Mr. Greisman of infringement of its Executive Trade Dress. Knoll denies the remaining allegations in Paragraph 82 of the Counterclaim.

83.    Defendants do not provide any time period for its allegation that Knoll has had annual sales exceeding one billion dollars and, on that basis, denies that

allegation.   Knoll denies the remaining allegations in Paragraph 83 of the Counterclaim.

84.    Paragraph 84 of the Counterclaim sets forth a legal conclusion to which no response is required.  To the extent a response is required, Knoll denies all the allegations in Paragraph 84 of the Counterclaim.

85.    Knoll admits that Eero Saarinen designed the Executive Trade Dress. Knoll admits that Eero Saarinen has passed away. Knoll admits that it has stated in this action and the stayed opposition that it will produce relevant documents that are responsive to a valid document request, subject to its objections, to the extent such documents exist. Knoll denies the remaining allegations in Paragraph 85 of the Counterclaim.

86.    Knoll denies it delayed in bringing this lawsuit. Knoll lacks the knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 86 of the Counterclaim and on that basis denies them.

87.    Paragraph 87 of the Counterclaim sets forth a legal conclusion to which no response is required.  To the extent a response is required, Knoll denies all the allegations in Paragraph 87 of the Counterclaim.

88.    Paragraph 88 of the Counterclaim sets forth a legal conclusion to which no response is required.  To the extent a response is required, Knoll denies all the allegations in Paragraph 88 of the Counterclaim.

89.     Knoll admits Defendants seek, but Knoll denies Defendants are entitled to, a declaration that Defendants have not infringed Knoll's rights, passed off its goods, or otherwise violated any provision of the Lanham Act, New Jersey common law, or Sections 56:4-1 and 4-2 of the New Jersey Trademark and Unfair Practices Act. Knoll denies the remaining allegations in Paragraph 89 of the Counterclaim.

90.     Paragraph 90 of the Counterclaim sets forth a legal conclusion to which no response is required.  To the extent a response is required, Knoll denies all the allegations in Paragraph 90 of the Counterclaim.

## THIRD CLAIM FOR RELIEF
### (Declaration of Rights – Lounge Design)

91.     Knoll realleges and incorporates by reference its responses to Paragraphs 1-90 of the Counterclaim as if fully set forth.

92.     Knoll admits Defendants seek a declaratory judgment under 15 U.S.C. § 1125, et seq. and 28 U.S.C. §§ 2201 and 2202. Knoll admits that an actual justiciable controversy exists as to the infringement and validity of Knoll's Lounge Trade Dress.

93.     Knoll admits that, in its Complaint, it has accused Defendants of developing, manufacturing, importing, advertising, and/or selling products, including the Loft line of products, that infringe Knoll's rights in the Lounge Trade Dress.

94.     Paragraph 94 of the Counterclaim sets forth a legal conclusion to which no response is required.  To the extent a response is required, Knoll denies all the allegations in Paragraph 94 of the Counterclaim.

95.     Paragraph 95 of the Counterclaim sets forth a legal conclusion to which no response is required.  To the extent a response is required, Knoll denies all the allegations in Paragraph 95 of the Counterclaim.

96.     Paragraph 96 of the Counterclaim sets forth a legal conclusion to which no response is required.  To the extent a response is required, Knoll denies all the allegations in Paragraph 96 of the Counterclaim.

97.     Knoll admits that it has amended its complaint in this action four times. The remainder of Paragraph 97 of the Counterclaim sets forth a legal conclusion to which no response is required.  To the extent a response is required, Knoll denies all the allegations in Paragraph 97 of the Counterclaim.

98.     Paragraph 98 of the Counterclaim sets forth a legal conclusion to which no response is required.  To the extent a response is required, Knoll denies all the allegations in Paragraph 98 of the Counterclaim.

99.     Paragraph 99 of the Counterclaim sets forth a legal conclusion to which no response is required.  To the extent a response is required, Knoll denies all the allegations in Paragraph 99 of the Counterclaim.

100.   Paragraph 100 of the Counterclaim sets forth a legal conclusion to which no response is required.  To the extent a response is required, Knoll denies all the allegations in Paragraph 100 of the Counterclaim.

101.   Paragraph 101 of the Counterclaim sets forth a legal conclusion to which no response is required.  To the extent a response is required, Knoll denies the allegations in Paragraph 101 of the Counterclaim.

102.   Paragraph 102 of the Counterclaim sets forth a legal conclusion to which no response is required.  To the extent a response is required, Knoll denies the allegations in Paragraph 102 of the Counterclaim.

103.   Paragraph 103 of the Counterclaim offsets forth legal conclusions to which a response is not required. To the extent a response is required, Knoll denies the allegations in Paragraph 103 of the Counterclaim.

104.   Knoll admits Florence Knoll is the designer of the Lounge design. Knoll admits www.knoll.com contains the language quoted in Paragraph 104 of the Counterclaim. Knoll denies the remaining allegations in Paragraph 104 of the Counterclaim.

105.   Paragraph 105 of the Counterclaim sets forth of a legal conclusion to which a response is not required. To the extent a response is required, Knoll denies the allegations in Paragraph 105.

106.    Knoll lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106 of the Counterclaim and on that basis denies the allegations.

107.    Knoll denies that it in any way retaliated against Modway. Knoll lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 107 of the Counterclaim, and on that basis denies them.

108.    Paragraph 108 of the Counterclaim offsets forth legal conclusions to which a response is not required. To the extent a response is required, Knoll denies all the allegations in Paragraph 108 of the Counterclaim.

109.    Knoll denies the remaining allegations in Paragraph 109 of the Counterclaim.

110.    Knoll admits it sued Mr. Greisman Executive Chair, Inc., for trademark infringement in 2009. Knoll admits that, in its current Complaint, Knoll accuses Modway, LexMod, and Mr. Greisman of infringement of its Lounge Trade Dress. Knoll denies the remaining allegations in Paragraph 110 of the Counterclaim.

111.    Paragraph 111 of the Counterclaim offsets forth legal conclusions to which a response is not required. To the extent a response is required, Knoll denies the allegations in Paragraph 111 of the Counterclaim.

112.   Paragraph 112 of the Counterclaim sets forth legal conclusions to which a response is not required. To the extent a response is required, Knoll denies the allegations in Paragraph 112 of the Counterclaim.

113.   Knoll admits that Florence Knoll designed the Lounge Trade Dress. Knoll admits that Florence Knoll has passed away. Knoll admits that it has stated in this action and the stayed opposition that it will produce relevant documents that are responsive to a valid document request, subject to its objections, to the extent such documents exist. Knoll denies the remaining allegations in Paragraph 113 of the Counterclaim.

114.   Knoll lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 of the Counterclaim and on that basis denies them.

115.   Paragraph 115 of the Counterclaim offsets forth legal conclusions to which a response is not required. To the extent a response is required, Knoll denies the allegations in Paragraph 115 of the Counterclaim.

116.   Paragraph 116 of the Counterclaim offsets forth legal conclusions to which a response is not required. To the extent a response is required, Knoll denies all the allegations in Paragraph 116 of the Counterclaim.

117.   Knoll admits Defendants seek, but Knoll denies Defendants are entitled to, a declaration that Defendants have not infringed Knoll's rights, passed of its

goods, or otherwise violated any provision of the Lanham Act, New Jersey common law, or Sections 56:4-1 and 4-2 of the New Jersey Trademark and Unfair Trade Practices Act.

118.   Paragraph 118 of the Counterclaim sets forth legal conclusions to which a response is not required. To the extent a response is required, Knoll denies all the allegations in Paragraph 118 of the Counterclaim.

## FOURTH CLAIM FOR RELIEF
### (Declaration of Rights – Bertoia Design)

119.   Knoll repeats, realleges, and incorporates by reference its responses to Paragraphs 1-118 of the Counterclaim as if fully set forth herein.

120.   Knoll admits Defendants seek a declaratory judgment under 15 U.S.C. § 1125, *et seq*. and 28 U.S.C. §§ 2201 and 2202. Knoll admits that an actual justiciable controversy exists as to the infringement and validity of Knoll's Bertoia Trade Dress.

121.   Knoll admits that, in its Complaint, Knoll has accused Defendants of infringing Knoll's rights in its Bertoia Trade Dress by developing, manufacturing, importing, advertising, and/or selling products, including the CAD line of products. Knoll denies the remaining allegations in Paragraph 121 of the Counterclaim.

122.   Paragraph 122 of the Counterclaim sets forth legal conclusions to which no response is required. To the extent that a response is required, Knoll denies the allegations in Paragraph 122 of the Counterclaim.

123.   Paragraph 123 of the Counterclaim sets forth legal conclusions to which no response is required. To the extent that a response is required, Knoll denies the allegations in Paragraph 123 of the Counterclaim.

124.   Paragraph 124 of the Counterclaim sets forth legal conclusions to which no response is required. To the extent that a response is required, Knoll denies the allegations in Paragraph 124 of the Counterclaim

125.   Knoll admits that it has amended its complaint in this action four times. The remainder of Paragraph 125 of the Counterclaim sets forth legal conclusions to which no response is required.  To the extent a response is required, Knoll denies the remaining allegations in Paragraph 125 of the Counterclaim.

126.   Paragraph 126 of the Counterclaim sets forth legal conclusions to which no response is required. To the extent that a response is required, Knoll denies the allegations in Paragraph 126 of the Counterclaim.

127.   Paragraph 127 of the Counterclaim sets forth legal conclusions to which no response is required. To the extent that a response is required, Knoll denies the allegations in Paragraph 127 of the Counterclaim.

128.   Paragraph 128 of the Counterclaim sets forth legal conclusions to which no response is required. To the extent that a response is required, Knoll denies the allegations in Paragraph 128 of the Counterclaim.

129.    Paragraph 129 of the Counterclaim sets forth legal conclusions to which no response is required.  To the extent that a response is required, Knoll denies the allegations in Paragraph 129 of the Counterclaim.

130.    Paragraph 130 of the Counterclaim sets forth legal conclusions to which no response is required. To the extent that a response is required, Knoll denies the allegations in Paragraph 130 of the Counterclaim.

131.    Knoll admits it owns U.S. Patent Nos. 2,804,915 and 2,763,318. Knoll admits U.S. Patent Nos. 2,804,915 and 2,763,318 have expired. The remaining allegations in Paragraph 131 of the Counterclaim consists of legal conclusions to which no response is required. To the extent a response is required, Knoll denies the remaining allegations in Paragraph 131 of the Counterclaim.

132.    Paragraph 132 of the Counterclaim sets forth legal conclusions to which no response is required. To the extent a response is required, Knoll denies the allegations in Paragraph 132 of the Counterclaim.

133.    Knoll lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133 of the Counterclaim and on that basis denies them.

134.    Knoll denies that it in any way retaliated against Modway. Knoll lacks knowledge or information sufficient to form a belief as to the truth of the remaining

allegations contained in Paragraph 134 of the Counterclaim, and on that basis denies them.

135.   Paragraph 135 sets forth legal conclusions to which no response is required. To the extent a response is required, Knoll denies the allegations in Paragraph 135 of the Counterclaim.

136.   Knoll denies the allegations in Paragraph 136 of the Counterclaim.

137.   Knoll admits it sued Mr. Greisman and Executive Chair, Inc., for trademark infringement in 2009. Knoll admits that, in its current Complaint, Knoll accuses Modway, LexMod, and Mr. Greisman of infringement of its Bertoia Trade Dress. Knoll denies the remaining allegations in Paragraph 137 of the Counterclaim.

138.   Defendants do not provide any time period for its allegation that Knoll has had annual sales exceeding one billion dollars and, on that basis, denies that allegation. Knoll denies the remaining allegations in Paragraph 138 of the Counterclaim.

139.   Paragraph 139 of the Counterclaim sets forth legal conclusions to which no response is required.  To the extent a response is required, Knoll denies the allegations in Paragraph 139 of the Counterclaim.

140.   Knoll admits that Harry Bertoia designed the Bertoia Trade Dress. Knoll admits Harry Bertoia has passed away. Knoll admits that it has stated in this action and the stayed opposition that it will produce relevant documents that are

responsive to a valid document request, subject to its objections, to the extent such documents exist. Knoll denies the remaining allegations in Paragraph 140 of the Counterclaim.

141.    Knoll lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141 of the Counterclaim, and on that basis, denies them.

142.    Paragraph 142 of the Counterclaim sets forth legal conclusions to which no response is required. To the extent a response is required, Knoll denies the allegations in Paragraph 142 of the Counterclaim.

143.    Paragraph 143 of the Counterclaim sets forth legal conclusions to which no response is required. To the extent a response is required, Knoll denies the allegations in Paragraph 143 of the Counterclaim.

144.    Knoll admits Defendants purport to seek, but Knoll denies Defendants are entitled to, a declaration that Defendants have not infringed Knoll's rights, passed off its goods, or otherwise violated any provision of the Lanham Act, New Jersey common law, or Sections 56:4-1 and 4-2 of the New Jersey Trademark and Unfair Trade Practices Act.

145.    Paragraph 145 of the Counterclaim sets forth legal conclusions to which no response is required.  To the extent a response is required, Knoll denies the allegations in Paragraph 145 of the Counterclaim.

## FIFTH CLAIM FOR RELIEF
### (Declaration of Rights – Cyclone Design)

146.    Knoll realleges and incorporates by reference its responses to Paragraphs 1-145 of the Counterclaim as if fully set forth herein.

147.    Knoll admits Defendants seek a declaratory judgment under 15 U.S.C. § 1125, *et seq.* and 28 U.S.C. §§ 2201 and 2202. Knoll admits that an actual justiciable controversy exists as to the infringement and validity of Knoll's Cyclone Trade Dress.

148.    Knoll admits that, in its Complaint, Knoll has accused Defendants of infringing Knoll's rights in its Cyclone Trade Dress by developing, manufacturing, importing, advertising, and/or selling products, including the Cyclone line of products. Knoll denies the remaining allegations in Paragraph 148 of the Counterclaim.

149.    Paragraph 149 of the Counterclaim sets forth legal conclusions to which no response is required. To the extent a response is required, Knoll denies the allegations in Paragraph 149 of the Counterclaim.

150.    Paragraph 150 of the Counterclaim sets forth legal conclusions to which no response is required. To the extent a response is required, Knoll denies the allegations in Paragraph 150 of the Counterclaim

151.   Paragraph 151 of the Counterclaim sets forth legal conclusions to which no response is required. To the extent a response is required. Knoll denies the allegations in Paragraph 151 of the Counterclaim.

152.   Knoll admits that it has amended its complaint in this action four times. The remainder of Paragraph 152 of the Counterclaim sets forth legal conclusions to which no response is required.  To the extent a response is required, Knoll denies the allegations in Paragraph 152 of the Counterclaim.

153.   Paragraph 153 of the Counterclaim sets forth legal conclusions to which no response is required.  To the extent a response is required, Knoll denies the allegations in Paragraph 153 of the Counterclaim.

154.   Paragraph 154 of the Counterclaim sets forth legal conclusions to which no response is required.  To the extent a response is required, Knoll denies the allegations in Paragraph 154 of the Counterclaim.

155.   Paragraph 155 of the Counterclaim sets forth legal conclusions to which no response is required.  To the extent a response is required, Knoll denies the allegations in Paragraph 155 of the Counterclaim.

156.   Knoll denies the allegations in Paragraph 156 of the Counterclaim.

157.   Paragraph 157 of the Counterclaim sets forth legal conclusions to which no response is required.  To the extent a response is required, Knoll denies the allegations in Paragraph 157 of the Counterclaim.

158.    Paragraph 158 of the Counterclaim sets forth legal conclusions to which no response is required.   To the extent a response is required, Knoll denies the allegations in Paragraph 158 of the Counterclaim.

159.    Paragraph 159 of the Counterclaim sets forth legal conclusions to which no response is required.   To the extent a response is required, Knoll denies the allegations in Paragraph 159 of the Counterclaim.

160.    Knoll lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 160 of the Counterclaim and on that basis denies the allegations.

161.    Knoll denies that it in any way retaliated against Modway. Knoll lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 161 of the Counterclaim, and on that basis denies them.

162.    Paragraph 162 of the Counterclaim sets forth legal conclusions to which no response is required. To the extent a response is required, Knoll denies the allegations in Paragraph 162 of the Counterclaim.

163.    Knoll denies the allegations in Paragraph 163 of the Counterclaim.

164.    Defendants do not provide any time period for its allegation that Knoll has had annual sales exceeding one billion dollars and, on that basis, denies that

allegation. Knoll denies the remaining allegations in Paragraph 164 of the Counterclaim.

165.    Knoll admits that Isamu Noguchi designed the Cyclone Trade Dress. Knoll admits Isamu Noguchi has passed away.  Knoll admits that it has stated in this action and the stayed opposition that it will produce relevant documents that are responsive to a valid document request, subject to its objections, to the extent such documents exist. Knoll denies the remaining allegations in Paragraph 165 of the Counterclaim.

166.    Knoll lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 166 of the Counterclaim and on that basis denies them.

167.    Paragraph 167 of the Counterclaim sets forth legal conclusions to which no response is required.  To the extent a response is required, Knoll denies the allegations in Paragraph 167 of the Counterclaim.

168.    Paragraph 168 of the Counterclaim sets forth legal conclusions to which no response is required.  To the extent a response is required, Knoll denies the allegations in Paragraph 168 of the Counterclaim.

169.    Knoll admits Defendants purport to seek, but Knoll denies Defendants are entitled to, a declaration that Defendants have not infringed Knoll's rights, passed off its goods, or otherwise violated any provision of the Lanham Act, New

Jersey common law, or Sections 56:4-1 and 4-2 of the New Jersey Trademark and Unfair Trade Practices Act.

170.    Paragraph 170 of the Counterclaim sets forth legal conclusions to which no response is required.  To the extent a response is required, Knoll denies the allegations in Paragraph 170 of the Counterclaim.

## SIXTH CLAIM FOR RELIEF
### (Declaration of Rights – CYCLONE Mark)

171.    Knoll realleges and incorporates by reference its responses to Paragraphs 1-170 of the Counterclaim as if set forth fully herein.

172.    Knoll admits Defendants seek a declaratory judgment under 15 U.S.C. § 1125, *et seq*. and 28 U.S.C. §§ 2201 and 2202. Knoll admits that an actual justiciable controversy exists as to the infringement and validity of Knoll's Cyclone Mark

173.    Knoll admits that, in its Complaint, Knoll has accused Defendants of infringing Knoll's rights in its CYCLONE Mark by advertising, promoting, offering to sell, and/or selling products using a mark that is confusingly similar to the CYCLONE Mark. Knoll denies the remaining allegations in Paragraph 173 of the Counterclaim.

174.    Paragraph 174 of the Counterclaim sets forth legal conclusions to which no response is required. To the extent a response is required, Knoll denies the allegations in Paragraph 174 of the Counterclaim.

175.    Paragraph 175 of the Counterclaim sets forth legal conclusions to which no response is required. To the extent a response is required, Knoll denies the allegations in Paragraph 175 of the Counterclaim.

176.    Paragraph 176 of the Counterclaim sets forth legal conclusions to which no response is required. To the extent a response is required, Knoll denies the allegations in Paragraph 176 of the Counterclaim.

177.    Paragraph 177 of the Counterclaim sets forth legal conclusions to which no response is required. To the extent a response is required, Knoll denies the allegations in Paragraph 177 of the Counterclaim.

178.    Paragraph 178 of the Counterclaim sets forth legal conclusions to which no response is required. To the extent a response is required, Knoll denies the allegations in Paragraph 178 of the Counterclaim.

179.    Paragraph 179 of the Counterclaim sets forth legal conclusions to which no response is required. To the extent a response is required, Knoll denies the allegations in Paragraph 179 of the Counterclaim.

180.    Knoll lacks the knowledge or information sufficient to form a belief as to the truth of whether a company called Modernica sold tables with the name CYCLONE during "a period of time," and on that basis denies this allegation. Knoll denies the remaining allegations in Paragraph 180 of the Counterclaim.

181.    Paragraph 181 of the Counterclaim sets forth legal conclusions to which no response is required. To the extent a response is required, Knoll denies the allegations in Paragraph 181 of the Counterclaim.

182.    Knoll lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 182 of the Counterclaim and on that basis denies them.

183.    Knoll denies that it in any way retaliated against Modway. Knoll lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 183 of the Counterclaim, and on that basis denies them.

184.    Paragraph 184 of the Counterclaim sets forth legal conclusions to which no response is required. To the extent a response is required, Knoll denies the allegations in Paragraph 184 of the Counterclaim.

185.    Knoll admits Defendants purport to have sold products with the design of their Cyclone line under the Cyclone name since around 2015. Knoll denies the remaining allegations in Paragraph 185 of the Counterclaim.

186.    Defendants do not provide any time period for its allegation that Knoll has had annual sales exceeding one billion dollars and, on that basis, denies that allegation.   Knoll denies the remaining allegations in Paragraph 186 of the Counterclaim.

187.    Knoll denies it has delayed in bringing suit against Defendants. Knoll admits that it has stated in this action and the stayed opposition that it will produce relevant documents that are responsive to a valid document request, subject to its objections, to the extent such documents exist. Knoll denies the remaining allegations in Paragraph 187 of the Counterclaim.

188.    Knoll lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 188 of the Counterclaim and on that basis denies them.

189.    Paragraph 189 of the Counterclaim sets forth legal conclusions to which no response is required. To the extent a response is required, Knoll denies the allegations in Paragraph 189 of the Counterclaim.

190.    Paragraph 190 of the Counterclaim sets forth legal conclusions to which no response is required. To the extent a response is required, Knoll denies the allegations in Paragraph 190 of the Counterclaim.

191.    Knoll admits Defendants purport to seek, but Knoll denies Defendants are entitled to, a declaration that Defendants have not infringed Knoll's rights, passed off its goods, or otherwise violated any provision of the Lanham Act, New Jersey common law, or Sections 56:4-1 and 4-2 of the New Jersey Trademark and Unfair Trade Practices Act.

192.    Paragraph 192 of the Counterclaim sets forth legal conclusions to which no response is required. To the extent a response is required, Knoll denies the allegations in Paragraph 192 of the Counterclaim.

## **PRAYER FOR RELIEF**

Knoll denies Defendants are entitled to any relief in this action.

Respectfully submitted,

MCCARTER & ENGLISH LLP

Dated:  July 26, 2022          By: */s/ Cynthia S. Betz*
                                John E. Flaherty
                                jflaherty@mccarter.com
                                Cynthia S. Betz
                                cbetz@mccarter.com
                                **McCarter & English, LLP**
                                Four Gateway Center, 100 Mulberry Street
                                Newark, NJ 07102
                                Tel: (973) 622-4444 Fax: (973) 624-7070

                                *Attorneys for Plaintiff*
                                *Knoll, Inc.*

*Of Counsel:*

Paul A. Stewart (admitted *pro hac vice*)
paul.stewart@knobbe.com
Ali S. Razai (admitted *pro hac vice*)
ali.razai@knobbe.com
**Knobbe, Martens, Olson & Bear LLP**
2040 Main St., 14th Floor
Irvine, CA 92614
Tel: (949) 760-0404 Fax: (949) 760-9602

## CERTIFICATE OF SERVICE

I hereby certify that, on the date noted below, the foregoing KNOLL, INC.'S RESPONSE TO COUNTERCLAIM was filed on CM/ECF, which will cause notice on all counsel of record that constitutes service.

Dated: July 26, 2022                    /s/    *Cynthia S. Betz*
                                        Cynthia S. Betz

55913044